IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAQUITHA SNOW, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16-cv-2685 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| J. STERLING MORTON HIGH SCHOOL | ) | |
| DISTRICT 201, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court grants in part without prejudice and denies in part Defendants' motion to dismiss brought pursuant to Federal Rules of Civil Procedure 12(b)(6).[1] [20] Further, the Court grants Plaintiff leave to file a Second Amended Complaint in accordance with this ruling, which is due on or before October 11, 2016. *See Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana,* 786 F.3d 510, 519 (7th Cir. 2015) ("a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed."). Defendant must answer or otherwise plead by October 25, 2016. Status hearing set for November 3, 2016 is stricken and reset to October 28, 2016 at 8:45 a.m.

## STATEMENT

On March 19, 2016, Plaintiff Laquitha Snow brought the present three-count First Amended Complaint alleging that Defendants J. Sterling Morton High School District 201 and J. Sterling Morton High School East violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.,* based on her race and sex. Before the Court is Defendants' Rule 12(b)(6) motion to dismiss. For the following reasons, the Court grants in part without prejudice and denies in part Defendants' motion. Further, the Court grants Plaintiff leave to file a Second Amended Complaint, in accordance with this ruling, by no later than October 10, 2016.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule

---
[1] Defendants have withdrawn their Rule 12(f) motion to strike.

8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 172 L.Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). In determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). In Title VII cases, the pleading standards are "different from the evidentiary burden a plaintiff must subsequently meet." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Ctny.*, 804 F.3d 826, 834 (7th Cir. 2015) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)).

## BACKGROUND

In her First Amended Complaint, Plaintiff Laquitha Snow alleges that she has worked for Defendants since January of 2009. (R. 7, First Am. Compl. ¶ 10.) Specifically, Plaintiff has worked at Defendant Sterling Morton High School East in Cicero, Illinois, and most recently, in the position of Dean of Students. (*Id.*) Plaintiff alleges that during her tenure Defendant subjected her to racial harassment. (*Id.* ¶ 11.)

In 2014, Plaintiff applied for the position of Assistant Principal at Sterling Morton High School East. (*Id.* ¶ 12.) She was informed that Defendants denied her the promotion because she is not Hispanic, but rather African-American. (*Id.* ¶ 13.) Plaintiff alleges that after she complained about this racial discrimination, Defendant retaliated against her. (*Id.* ¶ 14.) Plaintiff states that at all relevant times, she performed her job duties satisfactorily or better. (*Id.* ¶ 15.) Further, Defendants had not taken any prior or contemporaneous disciplinary actions against Plaintiff at the time she lodged her complaint of discrimination. (*Id.* ¶ 16.)

Plaintiff alleges that after complaining of racial discrimination, Defendant retaliated against her by denying her job opportunities and by changing the terms and conditions of her employment. (*Id.* ¶¶ 14, 22.) Plaintiff further alleges that Defendant subjected her to racial and sexual harassment, culminating in a hostile work environment. (*Id.* ¶ 25.) She asserts that the harassment was evidenced by Defendant failing to promote her, denying her job opportunities, and subjecting her to different terms and conditions of employment. (*Id.*)

## ANALYSIS

**I.     Legal Capacity**

First, Defendants argue that under the Illinois School Code, the proper Defendant to this lawsuit is the Board of Education of J. Sterling Morton High School District 201 and not the school district or individual high school. *See* 105 ILCS 5/10-2. Indeed, the Illinois "School Code expressly authorizes a board of education to sue and be sued in court proceedings." *Bd. of Educ. of Bremen High Sch. Dist. No. 228 v. Mitchell*, 387 Ill. App. 3d 117, 124 (1st Dist. 2008);

*see also Matavka v. Bd. of Educ. of J. Sterling Morton High Sch. Dist. 201*, No. 15 C 10330, 2016 WL 4119949, at *1 n.1 (N.D. Ill. Aug. 1, 2016) ("under Illinois law the Board of Education of such a school district is the appropriate defendant with the exclusive right to sue or be sued."); *Klean v. Bd. of Educ. of Proviso Twp. Sch. Dist. 209*, No. 08 C 6233, 2010 WL 3732218, at *2 (N.D. Ill. Sept. 17, 2010) ("the Illinois School Code makes the Board, not the District, amenable to suit").

Because the Board of Education is the proper Defendant under the Illinois School Code, the Court grants, without prejudice, Defendants' motion to dismiss in this respect. The Court further grants Plaintiff leave to amend her pleadings to name the Board of Education of J. Sterling Morton High School District 201 as the proper Defendant, instead of the school district and high school.

## II.     Title VII Claims

### A.     Failure to Promote – Count I

In Count I, Plaintiff alleges a Title VII failure to promote claim. As the Seventh Circuit teaches, in Title VII cases, the pleading standards are "different from the evidentiary burden a plaintiff must subsequently meet." *Huri,* 804 F.3d at 834. Simply put, a plaintiff need not allege the prima facie elements of a discrimination claim because it is an evidentiary standard, not a pleading requirement. *See Swierkiewicz v. Sorema,* 534 U.S. 506, 510, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Luevano v. Wal–Mart Stores, Inc.,* 722 F.3d 1014, 1028 (7th Cir. 2013) ("Neither *Iqbal* nor *Twombly* overruled *Swierkiewicz*, and it is our duty to apply the Supreme Court's precedents unless and until the Supreme Court itself overrules them."); *see also Twombly*, 550 U.S. at 569 ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."). Indeed, a "complaint alleging [race] discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [his race]." *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 633 (7th Cir. 2013) (citation omitted).

In her First Amended Complaint, Plaintiff alleges that she applied for a promotion to Assistant Principal and asserts that Defendant denied her the promotion because she is African-American and not Hispanic. Defendants argue that Plaintiff failed to offer basic factual information to support her allegations because she does not identify the individual who told her that she was denied the promotion because of her race. Further, Defendants contend that "plaintiff clearly fails to set forth enough facts to state a claim under the direct method of proof."

Defendants ask the Court to impose a heightened pleading standard to Plaintiff's race discrimination claim in contradiction of Seventh Circuit case law. As discussed, a plaintiff pleading a race discrimination claim need only allege that her employer committed an adverse employment action on the basis of the plaintiff's race, which Plaintiff has done here. *See Malin v. Hospira, Inc.*, 762 F.3d 552, 558 (7th Cir. 2014) ("failing to promote an employee is an adverse employment action that can give rise to liability under Title VII"). Construing the facts and all reasonable inferences in Plaintiff's favor, she has plausibly alleged sufficient facts that she was discriminated against based on her race. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable

3

inference that the defendant is liable for the misconduct alleged."). Accordingly, the Court denies Defendants' motion to dismiss Count I of the First Amended Complaint.

### B. Retaliation Claim – Count II

In Count II, Plaintiff alleges a Title VII retaliation claim under 42 U.S.C. § 2000e-3(a). More specifically, Plaintiff alleges that Defendant retaliated against her for participating in a protected activity. To plead a Title VII retaliation claim, a plaintiff must state that she engaged in statutorily protected activity and was subjected to a materially adverse action as a result. *See Huri*, 804 F.3d at 833; *Luevano*, 722 F.3d at 1029. "In the retaliation context, 'adverse employment action' simply means an employer's action that would dissuade a reasonable worker from participating in protected activity.'" *Huri*, 804 F.3d at 833 (citation omitted).

Here, Plaintiff alleges that after she complained of racial discrimination in the context of Defendants failing to promote her, Defendants retaliated by denying her other job opportunities and changing the terms and conditions of her employment. Viewing the facts and all reasonable inferences in her favor, Plaintiff alleges that the statutorily protected activity was her complaints of race discrimination and that the materially adverse action was the changed terms and conditions of employment and the denial of job opportunities. Although Plaintiff's allegations do not specify the exact job opportunities that Defendants allegedly denied her, at this stage of the proceedings, Plaintiff has plausibly alleged a Title VII retaliation claim. *See Carlson v. CSX Transp., Inc.,* 758 F.3d 819, 827 (7th Cir. 2014) (to state a facially plausible claim, a 'plaintiff must include 'enough details about the subject-matter of the case to present a story that holds together.") (citation omitted); *see also Huri*, 804 F.3d at 833 ("Plausibility does not mean probability: a court reviewing a 12(b)(6) motion must 'ask itself *could* these things have happened, not *did* they happen.'") (quotation marks omitted, emphasis in original).

Nevertheless, Defendants argue that Plaintiff has failed to adequately plead a plausible claim for retaliation under the indirect or direct methods of proof, specifically highlighting that there is no causal connection between her participation in the protected activity and her alleged retaliation. To reiterate, the evidentiary standards outlined in *McDonnell-Douglas* are distinct from the pleading standard. *See Luevano*, 722 F.3d at 1028; *see also Ortiz v. Werner Enter., Inc.*, ___ F.3d ___, 2016 WL 4411434, at *5 (7th Cir. Aug. 19, 2016) (burden-shifting framework in *McDonnell-Douglas* concerns methods of proof). As the Seventh Circuit has made clear, the "pleading standards in Title VII cases are, of course, different from the evidentiary burden a plaintiff must subsequently meet." *Huri*, 804 F.3d at 834. The Court therefore denies Defendants' motion to dismiss Count II of the First Amended Complaint.

### C. Harassment/Hostile Work Environment Claim – Count III

In Count III of her First Amended Complaint, Plaintiff alleges that she was subjected to racial and sexual harassment. *See Boss v. Castro*, 816 F.3d 910, 920 (7th Cir. 2016) ("When 'the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or persuasive to alter the conditions of the victim's employment and create an abusive working environment,' Title VII is violated.") (citation omitted). Specifically, Plaintiff alleges that the retaliation that she was subjected to for opposing race discrimination culminated into a

4

hostile work environment. On the face of her EEOC charge of discrimination, Plaintiff explicitly states that she had been subjected to racial harassment. (R. 7-1, Ex. B. to First Am. Compl.) Also, Plaintiff checked the "sex" box indicating that Defendants discriminated against her on account of her sex, and she expressly stated that she believes that she has "been discriminated against because of [her] sex, female, race Black, and in retaliation for engaging in protected activity." (*Id.*)

Although Defendants do not argue that Plaintiff's sexual harassment claim is not within the scope of her EEOC charge, *see Huri,* 804 F.3d at 831, they do argue that Plaintiff has failed to allege any facts concerning the sexual harassment. Indeed, in her First Amended Complaint, Plaintiff only mentions gender twice – in the introductory paragraph and when she states she was subjected to sexual harassment under Count III. She fails to allege any facts – specific or otherwise – that would allow the Court to draw reasonable inferences that gender had any role in Defendants' alleged misconduct. In other words, Plaintiff has failed to allege any factual context to her sexual harassment claim giving fair notice to Defendants of her claim and the grounds upon which it rests. *See id.* at 832. The Court therefore grants this aspect of Defendants' motion to dismiss Count III. The Court now turns to Plaintiff's hostile work environment claim based on her race.

To state a Title VII hostile work environment claim based on race, a plaintiff must allege that (1) she was subject to unwelcome harassment; (2) the harassment was based on her race; (3) the harassment was severe or pervasive as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is basis for employer liability. *See Huri*, 804 F.3d at 833-34 ("the word 'harassment' frequently describes the conduct that defines the phrase 'hostile work environment.'"). Plaintiff's bare-boned allegations that she was retaliated against for opposing race discrimination and that Defendants subjected her to racial harassment by failing to promote her, denying her job opportunities and changing the terms and conditions of her employment does not fulfill this standard. Again, Plaintiff fails to provide a sufficient factual basis that would raise her right to relief above the speculative level. *See Runnion,* 786 F.3d at 526 ("A claim for relief must be plausible rather than merely conceivable or speculative."). Therefore, the Court grants without prejudice Defendants' motion to dismiss Plaintiff's hostile work environment claim based on race. The Court grants Plaintiff leave to amend her hostile work environment claim in her Second Amended Complaint keeping in mind counsel's Rule 11 obligations.

**Dated**: September 27, 2016

_____
**AMY J. ST. EVE**
**United States District Court Judge**