## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LAQUITHA SNOW, ) | |
| ) | |
| Plaintiff, ) | Case No. 16 C 2685 |
| ) | |
| v. ) | Judge Amy J. St. Eve |
| ) | |
| BOARD OF EDUCATION OF J. ) | |
| STERLING MORTON HIGH SCHOOL ) | |
| DISTRICT 201, JOSE GAMBOA, and ) | |
| MICHAEL KUZNIEWSKI, ) | |
| ) | |
| Defendants. ) | |

## ORDER

The Court denies Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and denies Defendants' Rule 12(f) motion to strike. [44] Defendants shall answer by 2/21/17. Status hearing set for 4/6/17 is stricken and reset to 2/27/17 at 8:30 a.m.

## STATEMENT

Plaintiff Laquitha Snow filed her original complaint in this matter on February 29, 2016. On October 13, 2016, Plaintiff filed the present five-count Second Amended Complaint alleging that her former employer Defendant Board of Education of J. Sterling Morton High School District 201 (the "Board") discriminated against her based on race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.,* 42 U.S.C. § 1981, and 42 U.S.C. § 1983. Plaintiff further alleges that individual Defendants Jose Gamboa and Michael Kuzniewski discriminated against her based on race in violation of 42 U.S.C. §§ 1981, 1983. Before the Court are Defendants' Rule 12(b)(6) motion to dismiss and Rule 12(f) motion to strike. For the following reasons, the Court denies both motions.

## LEGAL STANDARDS

### I. Motion to Dismiss

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations

must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 172 L.Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). In determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

## II. Motion to Strike

Pursuant to Rule 12(f), the Court can strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009). A district court may strike an allegation as scandalous when it "bears no possible relation to the controversy," or when the allegations are "devoid of any factual basis." *Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 664-65 (7th Cir.1992); *see also Anderson v. Bd. of Educ. of City of Chicago,* 169 F.Supp.2d 864, 867–68 (N.D. Ill. 2001) ("[p]rejudice results when the matter complained of has the effect of confusing the issues"). Motions to strike are appropriate if they serve to expedite litigation. *See Heller Fin., Inc. v. Midwhey Powder,* 883 F.2d 1286, 1294 (7th Cir. 1989). District courts have considerable discretion under Rule 12(f). *See Delta,* 554 F.3d at 1141-42; *Blankenship v. Pushpin Holdings, LLC*, 157 F. Supp. 3d 788, 796 (N.D. Ill. 2016).

## BACKGROUND

In her Second Amended Complaint, Plaintiff Laquitha Snow, who is African-American, alleges that starting in January 2009, she worked at Morton East High School in Cicero, Illinois ("Morton East") as a high school counselor and then as Dean of Students. (R. 34, Second Am. Compl. ¶ 12.) In April 2014, Plaintiff applied for the position of Assistant Principal at Morton East, but did not get the position. (*Id.* ¶ 14.) She maintains that Defendant Gamboa, Morton East's Principal, told her in June 2014 that she did not get the position of Assistant Principal because she was black and non-Hispanic. (*Id*. ¶¶ 5, 15.) Further, Plaintiff alleges – upon information and belief – that Principal Gamboa had input into the decision not to promote her to Assistant Principal. (*Id.* ¶ 16.) In December 2014, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in which she alleged race discrimination and retaliation based on Defendants' failure to promote her to Assistant Principal. (*Id*. ¶ 6.) On April 13, 2015, Plaintiff amended her EEOC Charge. (*Id*. ¶ 7.) Plaintiff received her EEOC right to sue letter on or about December 5, 2015. (*Id*. ¶ 8.)

Plaintiff further asserts that after she complained about racial discrimination – and also after she filed her EEOC Charges – Defendants retaliated against her. (*Id.* ¶ 17.) In particular, Plaintiff alleges that Defendants retaliated against her by giving her a negative evaluation, reprimanding her for being late, threatening to place her on a performance improvement plan, and denying her bonus pay, among other actions. (*Id*. ¶ 18.) Plaintiff also alleges that in February 2016 she requested to be moved to an open counselor position, after which Defendant Kuzniewski, District 201's Superintendent, told her he would not move her to that position because she filed an EEOC Charge. (*Id*. ¶ 18f.) Plaintiff further asserts that she resigned from

2

her position of Dean of Students on September 9, 2016 due to Defendants' ongoing retaliation. (*Id.* ¶ 19.) Plaintiff characterizes her resignation as a "constructive discharge." (*Id.*)

Based on these allegations, Plaintiff brings the following claims: (1) a Title VII failure to promote claim against the Board (Count I); (2) a Title VII retaliation claim against the Board (Count II); (3) a *Monell* custom and practice claim against the Board based on race discrimination (Count III); (4) a race discrimination claim against individual Defendant Gamboa (Count IV); and a race discrimination claim against individual Defendant Kuzniewski (Count V). Defendants move to dismiss Counts III through V.

**ANALYSIS**

**I.      Monell Claim**

In Count III, Plaintiff alleges that the Board has a policy, practice, or custom of not promoting African-Americans to the position of Assistant Principal or Principal. Section 1983 provides the exclusive remedy for race discrimination violations under 42 U.S.C. § 1981 committed by state actors such as the Board. *See Campbell v. Forest Preserve Dist. of Cook County, Ill.,* 752 F.3d 665, 667 (7th Cir. 2014); *see also Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 736-37, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989). Because recovery against a governmental unit or entity, including a school board or district, cannot be based on respondeat superior, Plaintiff must establish the Board's liability via *Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To recover under *Monell*, Plaintiff must eventually establish that: (1) she suffered a deprivation of a constitutional or federal statutory right; (2) as a result of an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority, that was (3) the cause of her injury. *See Dixon v. Cnty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016).

As mentioned, Plaintiff alleges that the Board has a policy, practice, or custom of not promoting African-Americans to the position of Assistant Principal or Principal. To support this claim, she alleges that in April 2014 she applied for the position of Assistant Principal at Morton East, but did not get the position. She maintains that Defendant Gamboa told her that she did not get the position of Assistant Principal because she was black and non-Hispanic. Further, after she complained about racial discrimination, Plaintiff alleges that Defendants retaliated against her by giving her a negative evaluation, reprimanding her for being late, threatening to place her on a performance improvement plan, and denying her bonus pay. Plaintiff further alleges that during her tenure at Morton East, Defendants never promoted an African-American to Assistant Principal or Principal.

Although these detailed allegations mainly reflect Plaintiff's own experience, she also alleges that Principal Gamboa told her that Defendants did not promote her because she was African-American. She further alleges that during her tenure at Morton East, Defendants never promoted an African-American to Assistant Principal or Principal. From these allegations, the Court can draw a reasonable inference that Defendants had a custom or practice of not promoting African-Americans to Assistant Principal or Principal. Plaintiff has therefore plausibly alleged her *Monell* claim against the Board. *See Iqbal,* 556 U.S. at 678 (complaint is plausible on its

3

face when plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").[1]

Next, Defendants argue that Plaintiff's claims against the Board are untimely under the two year limitations period for § 1983 actions. *See Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016) ("The statute of limitations for § 1983 claims in Illinois is two years."). The date at which a § 1983 claim accrues – and thus starts the running of the limitations period – is a matter of federal law and occurs when a plaintiff knows the fact and the cause of her injury. *See O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Defendants specifically argue that Plaintiff's *Monell* claim is untimely because she did not bring it until October 13, 2016 when she filed her Second Amended Complaint and that her *Monell* claim is predicated on the denial of her promotion that occurred over two years earlier.

Defendants' argument is unavailing because they fail to take into consideration Rule 15(c)'s relation back doctrine. *See Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 541, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010) ("Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations."). "[U]nder federal law, an amendment relates back when it arises out of the same transaction or occurrence set up in the original pleading." *Cleary v. Philip Morris Inc.,* 656 F.3d 511, 515 (7th Cir. 2011) (citation omitted). More specifically, an amendment relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed.R.Civ.P. 15(c)(1)(B); *see also Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016).

Here, Plaintiff's *Monell* claim is based on the denial of her promotion to Assistant Principal which occurred sometime between April and June 2014 – along with Defendants' conduct since then – and she filed this lawsuit less than two years later on February 29, 2016. Her *Monell* allegations are based on the same conduct as her Title VII claims, as discussed directly above, including Defendants denying her the promotion to the position of Assistant Principal in the spring of 2014 and Defendants' retaliation after she complained of race discrimination and filed EEOC Charges in late 2014 and early 2015. These allegations give Defendants "enough notice of the nature and scope of the plaintiff's claim that [they] shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one." *Neita*, 830 F.3d at 498 (citation omitted). Thus, Defendants' timeliness argument fails because Plaintiff's *Monell* claim is timely under Rule 15(c)(1)(B).

## II. Race Discrimination Claims Against Defendants Gamboa and Kuzniewski

In Counts IV and V of the Second Amended Complaint, Plaintiff brings race discrimination claims against Defendant Gamboa, Morton East High School's Principal, and

---

[1] Defendants' argument that Plaintiff must allege that the Board had a "written" or "formal" policy is misplaced because it is well-settled that *Monell* allegations can be based on unwritten, informal customs, practices, or policies. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988); *Kristofek v. Vill. of Orland Hills*, 832 F.3d 785, 799 (7th Cir. 2016).

Defendant Kuzniewski, the Superintendent of District 201, in their individual capacities. Although Defendants Gamboa and Kuzniewski are state actors, Plaintiff is suing them in their individual capacities, and thus they are not "local governing bodies" under *Monell*. *See id.* at 690; *Cf. Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006) ("When a plaintiff sues an individual officer in his official capacity, the suit is treated as if the plaintiff has sued the municipality itself."). As such, Plaintiff need not allege a custom, practice, or policy associated with Defendants Gamboa's and Kuzniewski's conduct nor is she required to allege that these individual defendants were final policy-makers as required under *Monell*. Instead, Plaintiff must allege that these individual Defendants were personally involved in the alleged deprivation. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation.").

Plaintiff has set forth sufficient factual allegations of Defendant Gamboa's personal involvement in the race discrimination and retaliation at issue in this lawsuit. *See Carlson v. CSX Transp., Inc.,* 758 F.3d 819, 827 (7th Cir. 2014) (to state a facially plausible claim, a "plaintiff must include 'enough details about the subject-matter of the case to present a story that holds together.' ") (citation omitted). She specifically alleges that Defendant Gamboa told her she did not get the Assistant Principal position because she is African-American and she alleges that he was involved in the decision not to promote her. In addition, Plaintiff alleges that Defendant Gamboa retaliated against her after she complained of race discrimination by reprimanding her for being late to a meeting, giving her a negative evaluation, threatening to place her on a performance plan, and denying her bonus pay.

Furthermore, Plaintiff has plausibly alleged that Defendant Kuzniewski was personally involved in the race discrimination and retaliation alleged in this lawsuit. *See Iqbal,* 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Specifically, Plaintiff alleges that in February 2016 after she had requested to be moved to an open counselor position, Superintendent Kuzniewski told her that she could not be moved to that position because she had made a report to the EEOC. Plaintiff further alleges that Defendant Kuzniewski told her that everybody was irritated with her because of her lawsuit against Defendants and that when she asked how everyone knew about her lawsuit, he responded that he had the right to tell everyone about the lawsuit. (Second Am. Compl. ¶18g.) Plaintiff also alleges that Defendant Kuzniewski knew of Defendant Gamboa's unlawful conduct and either facilitated it, approved it, condoned it, or turned a blind eye. *See Matthews v. City of E. St. Louis,* 675 F.3d 703, 708 (7th Cir. 2012) ("To show personal involvement, the supervisor must 'know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.' ") (citation omitted). Accordingly, the Court denies this aspect of Defendants' motion to dismiss.

### III.     Timeliness of Claim Against Defendant Gamboa

Because Plaintiff named Principal Gamboa as a Defendant for the first time in her October 2016 Second Amended Complaint, Defendants argue that the claim against Principal Gamboa is time-barred under Rule 15(c)(1)(C). Specifically, Rule 15(c)(1)(C)(i) allows a plaintiff to add a new party to a lawsuit if the party had notice of the action and would not be

prejudiced by being named as a party. *See Krupski*, 560 U.S. at 545. As the Seventh Circuit explains "a party who is on notice long before the statute of limitations expires that he is an intended defendant, and who suffers no harm from the failure to have been named as a defendant at the outset, is in the same position as a defendant sued within the statute of limitations." *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 558 (7th Cir. 2011).

In her original pleading filed on February 29, 2016, Plaintiff alleged that Defendant Gamboa was Morton East's Principal. (R. 1, Compl. ¶ 3.) Plaintiff additionally alleged that she was told she did not get the position of Assistant Principal because she was black and non-Hispanic, and that she was retaliated against based on her complaints of discrimination. (*Id*. ¶¶ 13, 22.) The allegations in her Second Amended Complaint specifically state that it was Principal Gamboa who told her she did not get the position because she was black. (Second Am. Compl. ¶ 15.) Her Second Amended Complaint also fleshes out Defendant Gamboa's retaliatory conduct – most of which is not time-barred. Equally important, Plaintiff named Morton East High School as the Respondent in her December 2014 and April 2015 EEOC Charges and Defendant Gamboa is the Principal at Morton East. Last, Plaintiff alleges that Superintendent Kuzniewski told "everyone" about her lawsuit. (*Id*. ¶ 18g.) Under these circumstances, Defendant Gamboa was on notice of Plaintiff's allegations long before the two-year limitations period expired. Further, Defendants fail to argue that Defendant Gamboa would be prejudiced under the circumstances. The Court therefore denies Defendants' motion to dismiss based on timeliness issues.

### IV. Motion to Strike

Last, Defendants move to strike Plaintiff's allegation that "[o]n or about September 9, 2016, [she] was constructively discharged because of the continued retaliation." (Second Am. Compl. ¶ 19.) Specifically, Defendants argue that Plaintiff cannot claim constructive discharge because it was not in her EEOC Charges. It is well-settled, however, that to "be cognizable in federal court, a Title VII claim must simply be 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Huri v. Office of the Chief Judge*, 804 F.3d 826, 831 (7th Cir. 2015) (quoting *Cheek v. W & S Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir. 1994)). In short, the "relevant claim and the EEOC charge must, at a minimum, describe the same conduct and implicate the same individuals." *Huri,* 804 F.3d at 831-32.

Here, Plaintiff alleges that Defendants' continued retaliatory conduct forced her to resign, and thus amounted to constructive discharge. *See Garofalo v. Vill. of Hazel Crest*, 754 F.3d 428, 437 (7th Cir. 2014) ("Constructive discharge is deemed to have occurred when the plaintiff 'shows that she was forced to resign because her working conditions, from the standpoint of the reasonable employee, had become unbearable.'") (citation omitted). In her EEOC Charges, Plaintiff checked the boxes for race and sex discrimination and retaliation. (R. 34-1, Ex. A, B.) She also checked the "continuing action" box in her first EEOC Charge. (*Id*.) She explained in her EEOC Charges that she was denied a position as Assistant Principal, had been subjected to racial harassment, and that after she filed her first EEOC Charge, Respondent did not renew her position of Dean of Students. (*Id*.) The allegations supporting her constructive discharge claim are based on Defendants' continued retaliatory conduct after she complained about race discrimination. Under these circumstances, her constructive discharge allegations are reasonably

related to the allegations in her EEOC Charges, and thus are well within their scope. *See Huri,* 804 F.3d at 831 ("Courts review the scope of an EEOC charge liberally."). Therefore, the Court denies Defendants' Rule 12(f) motion to strike.

**Dated**: February 6, 2017

**AMY J. ST. EVE**
**United States District Court Judge**